UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID BARNER,<br><br>          Plaintiff,<br><br>vs.<br><br>MONUMENT HEALTH RAPID CITY<br>HOSPITAL, INC. AND RODNEY M.<br>SAMUELSON, M.D.<br><br>          Defendants. | CIV.#21- 5073<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, David Barner, by and through his counsel of record and for his Complaint and cause of action against the above-named Defendants, hereby states and alleges as follows:

## PARTIES

1.      Plaintiff David Barner ("Plaintiff") is and was a resident of Gillette, Wyoming at all relevant times herein.

2.      Defendant Monument Health Rapid City Hospital, Inc. ("Defendant Monument Health") is a corporation duly organized and existing under the laws of South Dakota, with its principal place of business in Rapid City, South Dakota. Defendant Monument Health provides medical services in the State of South Dakota.

3.      At all times relevant to this action, Defendant Rodney M. Samuelson, M.D., ("Defendant Dr. Samuelson") was an employee and/or agent of Defendant Monument Health and was providing medical services to Plaintiff within the scope of that employment/agency relationship. Defendant Monument Health and Defendant Dr. Samuelson will collectively be referred to as "Defendants." At the relevant time, Defendant Dr. Samuelson was a resident of

South Dakota and a licensed physician. Upon information and belief, Defendant Dr. Samuelson remains a resident of South Dakota or is a resident of Colorado.

## JURISDICTION AND VENUE

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.00.

5. Defendant Dr. Rodney Samuelson is a resident of South Dakota or Colorado, and Defendant Monument Health is incorporated in South Dakota with its principal place of business in Rapid City, South Dakota. As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS RELEVANT TO ALL CLAIMS

6. On or around September 26, 2018, Plaintiff attended a consultation at Monument Health in Rapid City, South Dakota regarding his severe low back pain.

7. On or around October 12, 2018, Plaintiff underwent a lumbar MRI that revealed "severe degenerative changes of the disc with severe spinal canal narrowing and moderate bilateral neural foraminal stenosis."

8. On or around November 23, 2018, Plaintiff was evaluated by and treated at by Defendant Dr. Samuelson.

9. On or around December 13, 2018, Defendant Dr. Samuelson performed a bilateral laminectomy and discectomy on Plaintiff, which involved use of intraoperative x-ray for identification of Plaintiff's vertebrae level.

10. Following the procedure, Plaintiff was discharged, but continued to experience intense pain.

2

11.    On or around January 23, 2019, Plaintiff returned for his six week post-surgical follow up appointment. Plaintiff described his severe low back pain to Defendant Dr. Samuelson as "10 out of 10." Dr. Samuelson ordered x-rays of Plaintiff's back.

12.    X-ray imaging showed Defendant Dr. Samuelson performed a wrong level surgery on Plaintiff.  Instead of performing the laminectomy and discectomy at Plaintiff's L5-S1 level, Defendant Dr. Samuelson performed the procedures at Plaintiff's L4-L5 level.

13.    Upon review of the original MRI, Defendant Dr. Samuelson, realized "[i]maging shows lumbar disc herniation at the L5-S1" and that he "…confused the L5-S1 level between the MRI and the intraoperative x-rays."

14.    Plaintiff was scheduled to undergo a second surgery to perform the procedures at the correct location, namely a bilateral lumbar laminectomy and discectomy, at Plaintiff's L5-S1 level.

15.    On or around January 29, 2019, Defendant Dr. Samuelson performed the bilateral laminectomy and discectomy procedures at the L5-S1 level, which involved reopening Plaintiff's previous lumbar incision and again using intraoperative x-ray for identification of level.

16.    Plaintiff continued to suffer from pain.

17.    On or around February 24, 2021, Plaintiff was evaluated and underwent x-rays. Plaintiff's x-rays showed "significant progression in his spondylolisthesis over the last year" and "bilateral pars fractures at the L4-5 level that were not present prior to surgery."

18.    Plaintiff has continued to require medical attention and will require medical treatment into the future.

## COUNT I
### *Medical Negligence*

19.     Plaintiff realleges paragraphs 1-18 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

20.     Defendants owed Plaintiff a duty to exercise reasonable care and skill in providing professional medical services to him while he was a patient under Defendants' care.

21.     Defendants breached the professional duty of care owed to Plaintiff when a wrong level surgery was performed on Plaintiff's lumbar spine.

22.     The acts and omissions of Defendants and those employees and agents that Defendants were responsible to supervise were a clear departure from the applicable standard of care and constitute negligence.

23.     As a direct and proximate result of Defendants' negligence, Plaintiff was forced to undergo additional surgery and has suffered and will continue to suffer damages, including, but not limited to, extensive past and future medical expenses, permanent disability and impairment, past and future pain and suffering, lost wages, loss of earning capacity, and loss of enjoyment of life.

24.     At the time that the negligent services and care were provided by Defendant Dr. Samuelson, he was an employee or agent acting within the scope of his employment with Defendant Monument Health.   Such conduct was reasonably foreseeable, and therefore, imputable to Defendant Monument Health under principles of vicarious liability and the doctrine of respondent superior.

**WHEREFORE**, Plaintiff respectfully prays for damages against Defendants as follows:

(1)     For Plaintiff's compensatory, general and special damages in an amount that the jury deems just and proper under the circumstances;

4

(2)     For costs and disbursements herein;

(3)     For prejudgment and post-judgment interest; and

(4)     For such other and further relief as the Court determines to be just and proper.

Dated this 28th day of October, 2021.

JOHNSON, JANKLOW, ABDALLAH
& REITER, LLP

_____
A. Russell Janklow
P.O. Box 2348
Sioux Falls, SD  57104-5933
Phone: 605-338-4304
Fax: 605-338-4162
Email: russ@janklowabdallah.com
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____
A.  Russell Janklow

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVID BARNER

**(b)** County of Residence of First Listed Plaintiff   Campbell
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Johnson, Janklow, Abdallah and Reiter, LLP
101 S. Main Avenue, Suite 100, Sioux Falls, SD 57104
605-338-4304

## DEFENDANTS

MONUMENT HEALTH RAPID CITY HOSPITAL, INC. AND RODNEY M. SAMUELSON, M.D.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Daniel F. Duffy
Bangs, McCullenm Butler, Foye & Simmons, LLP
333 West Boulevard, Suite 400, Rapid City, SD, 57701

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☒ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ >$75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
10/29/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE